# Supreme Court of Florida

————

No. SC22-1784

————

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.**

March 16, 2023

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Appellate Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Appellate Court Rules Committee (Committee) filed a report proposing amendments to rules 9.140 (Appeal Proceedings in Criminal Cases), 9.141 (Review Proceedings in Collateral or Postconviction Criminal Cases), 9.142 (Procedure for Review in Death Penalty Cases), 9.145 (Appeal Proceedings in Juvenile Delinquency Cases), 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services), and 9.310

(Stay Pending Review). The Committee and the Board of Governors of The Florida Bar approved the proposed amendments. The Committee published proposed amendments to rules 9.145, 9.146, and 9.310 for comment prior to filing them with the Court, and no comments were received.

Having considered the proposed amendments, the Court hereby amends Florida Rules of Appellate Procedure 9.140, 9.141, 9.142, 9.145, 9.146, and 9.310 as proposed by the Committee, with slight modification. The more significant amendments are discussed below.

First, rules 9.140, 9.141, 9.142, 9.146, and 9.310 are amended throughout to provide consistency and accuracy to references to the clerk as follows: if the circuit court is the lower tribunal, the rule should refer to the clerk of the circuit court; if the lower tribunal could be the county or circuit court, an administrative agency, or the district court of appeal, the rule should refer to the clerk of the lower tribunal; and if the clerk is of the appellate court, the rule should refer to the clerk of the court.

Next, rules 9.145(e) (Confidentiality) and 9.146(f) (Confidentiality) are amended to remove references to documents

filed in paper format, and reference is made to Florida Rule of General Practice and Judicial Administration 2.420 for additional guidance on confidentiality of records.

Finally, rules 9.146(c)(3) (Review) and 9.310(f) (Review) are reworded to provide greater clarity.

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective July 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Hon. Andrew D. Manko, Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**Appendix**

**RULE 9.140.   Appeal Proceedings in Criminal Cases**

**(a)   Applicability.** Appeal proceedings in criminal cases ~~shall~~will be as in civil cases except as modified by this rule.

**(b)   Appeals by Defendant.**

(1)   [NO CHANGE]

(2)   *Guilty or Nolo Contendere Pleas.*

(A)   [NO CHANGE]

(B)   Record.

(i)   Except for appeals under subdivision (b)(2)(A)(i) of this rule, the record for appeals involving a plea of guilty or nolo contendere ~~shall~~will be limited to:

a.–e. [NO CHANGE]

f. notice of appeal, statement of judicial acts to be reviewed, directions to the clerk of the lower tribunal, and designation to the approved court reporter or approved transcriptionist.

(ii)   [NO CHANGE]

(3)   *Commencement.* The defendant ~~shall~~must file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence. Copies ~~shall~~must be served on the state attorney and attorney general.

(4)   *Cross-Appeal.* A defendant may cross-appeal by serving a notice within 15 days of service of the state's notice or service of an order on a motion ~~pursuant to~~under Florida Rule of Criminal Procedure 3.800(b)(2). Review of cross-appeals before trial

is limited to related issues resolved in the same order being appealed.

**(c)   Appeals by the State.**

(1)   [NO CHANGE]

(2)   *Commencement.* The state ~~shall~~must file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(1)(K), the state's notice of cross-appeal ~~shall~~must be filed within 15 days of service of defendant's notice or service of an order on a motion ~~pursuant to~~under Florida Rule of Criminal Procedure 3.800(b)(2). Copies ~~shall~~must be served on the defendant and the attorney of record. An appeal by the state ~~shall~~will stay further proceedings in the lower tribunal only by order of the lower tribunal.

**(d)   Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State.**

(1)   The attorney of record for a defendant ~~shall~~will not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:

(A)–(B)  [NO CHANGE]

(C)   the defendant's directions to the clerk of the lower tribunal have been filed, if necessary;

(D)   [NO CHANGE]

(E)   in publicly funded defense and state appeals, when the lower tribunal has entered an order appointing the office of the public defender for the local circuit, the district office of criminal conflict and civil regional counsel, or private counsel as

provided by chapter 27, Florida Statutes, that office, or attorney shallwill remain counsel for the appeal until the record is electronically transmitted to the court. In publicly funded state appeals, defense counsel shallmust additionally file with the court a copy of the lower tribunal's order appointing the local public defender, the office of criminal conflict and civil regional counsel, or private counsel. In non-publicly funded defense and state appeals, retained appellate counsel shallmust file a notice of appearance in the court, or defense counsel of record shallmust file a motion to withdraw in the court, with service on the defendant, that states what the defendant's legal representation on appeal, if any, is expected to be. Documents filed in the court shallmust be served on the attorney general (or state attorney in appeals to the circuit court).

(2) Orders allowing withdrawal of counsel are conditional and counsel shallmust remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pendency of the direct appeal pursuant tounder Florida Rule of Criminal Procedure 3.800(b)(2).

**(e)** [NO CHANGE]

**(f)** **Record.**

(1) *Service.* The clerk of the lower tribunal shallmust prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal. However, the clerk of the lower tribunal shallmust not serve the record until all proceedings designated for transcription have been transcribed by the court reporter(s) and filed with the clerkin the lower tribunal. If the designated transcripts have not been filed by the date required for service of the record, the clerk of the lower tribunal shallmust file with the court, and serve on all parties and any court reporter whose transcript has not been filed, a notice of inability to complete the record, listing the transcripts not yet received. In cases wherein which the transcripts are filed after a notice from the clerkof inability to complete the record, the clerk of the lower tribunal shallmust prepare and file the record within 20 days of receipt of

- 6 -

the transcripts. An order granting an extension to the court reporter to transcribe designated proceedings ~~shall~~will toll the time for the clerk of the lower tribunal to serve this notice or the record on appeal.

(2)    *Transcripts.*

(A)    If a defendant's designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel, if possible) ~~shall~~must serve, within 10 days of filing the notice, a statement of judicial acts to be reviewed, and a designation to the approved court reporter or approved transcriptionist requiring preparation of only so much of the proceedings as fairly supports the issue raised.

(B)  [NO CHANGE]

(C)    Except as permitted in subdivision (f)(2)(D) of this rule, the parties ~~shall~~must serve the designation on the approved court reporter or approved transcriptionist to file with the clerk of the lower tribunal the transcripts for the court and sufficient paper copies for all parties exempt from service by e-mail as set forth in Florida Rule of General Practice and Judicial Administration 2.516.

(D)    Nonindigent defendants represented by counsel may serve the designation on the approved court reporter or approved transcriptionist to prepare the transcripts. Counsel adopting this procedure ~~shall~~must, within 5 days of receipt of the transcripts from the approved court reporter or approved transcriptionist, file the transcripts. Counsel ~~shall~~must serve notice of the use of this procedure on the attorney general and the clerk of the lower tribunal. Counsel ~~shall~~must attach a certificate to each transcript certifying that it is accurate and complete. When this procedure is used, the clerk of the lower tribunal ~~upon~~ conclusion of the appeal ~~shall~~must retain the transcript(s) for use as needed by the state in any collateral proceedings and ~~shall~~must not dispose of the transcripts without the consent of the attorney general.

(E)    In state appeals, the state ~~shall~~must serve a designation on the approved court reporter or approved transcriptionist to prepare and file with the clerk of the lower tribunal the transcripts and sufficient copies for all parties exempt from service by e-mail as set forth in Florida Rule of General Practice and Judicial Administration 2.516. Alternatively, the state may elect to use the procedure specified in subdivision (f)(2)(D) of this rule.

(F)  [NO CHANGE]

(3)    *Retention of Documents.* Unless otherwise ordered by the court, the clerk of the lower tribunal ~~shall~~must retain any original documents.

(4)    *Service of Copies.* The clerk of the lower tribunal ~~shall~~must serve copies of the record to the court, attorney general, and all counsel appointed to represent indigent defendants on appeal. The clerk of the lower tribunal ~~shall~~must simultaneously serve copies of the index to all nonindigent defendants and, ~~upon~~ their request, copies of the record or portions thereof at the cost prescribed by law.

(5)    *Return of Record.* Except in death penalty cases, the court ~~shall~~must return to the lower tribunal, after final disposition of the appeal, any portions of the appellate record that were not electronically filed.

(6)    *Supplemental Record for Motion to Correct Sentencing Error ~~Pursuant to~~Under Florida Rule of Criminal Procedure 3.800(b)(2).*

(A)    Transmission.

(i)    The clerk of ~~circuit court~~the lower tribunal ~~shall~~must automatically supplement the appellate record with any motion ~~pursuant to~~under Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. If a motion for rehearing is filed, the supplement

- 8 -

~~shall~~must also include the motion for rehearing, any response, and any resulting order.

(ii) The clerk of the lower tribunal ~~shall~~must electronically transmit the supplement to the appellate court within 20 days after the filing of the order disposing of the rule 3.800(b)(2) motion, unless a motion for rehearing is filed. If an order is not filed within 60 days after the filing of the rule 3.800(b)(2) motion, and no motion for rehearing is filed, this 20-day period ~~shall~~will run from the expiration of the 60-day period, and the clerk of the lower tribunal ~~shall~~must include a statement in the supplement that no order on the rule 3.800(b)(2) motion was timely filed.

(iii) If a motion for rehearing is filed, the clerk of the lower tribunal ~~shall~~must electronically transmit the supplement to the court within 5 days after the filing of the order disposing of the motion for rehearing. If an order disposing of the motion for rehearing is not filed within 40 days after the date of the order for which rehearing is sought, this 5-day period ~~shall~~will run from the expiration of the 40-day period, and the clerk of the lower tribunal ~~shall~~must include a statement in the supplement that no order on the motion for rehearing was timely filed.

(B) Transcripts. If any appellate counsel determines that a transcript of a proceeding relating to such a motion is required to review the sentencing issue, appellate counsel ~~shall~~must, within 5 days from the transmission of the supplement described in subdivision (f)(6)(A)(ii), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. Appellate counsel ~~shall~~must file the designation with the court and serve it on the approved court reporter or approved transcriptionist. The procedure for this supplementation ~~shall~~must be in accordance with this subdivision, except that counsel is not required to file a revised statement of judicial acts to be reviewed, the approved court reporter or approved transcriptionist ~~shall~~must deliver the transcript within 15 days, and the clerk of the lower tribunal ~~shall~~must supplement the record with the transcript within 5 days of its receipt.

(g) **Briefs.**

(1)    *Brief on the Merits.* Initial briefs, including those filed ~~pursuant to~~under subdivision (g)(2)(A), ~~shall~~must be served within 30 days of transmission of the record or designation of appointed counsel, whichever is later. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

(2)    *Anders Briefs.*

(A)    If appointed counsel files a brief stating that an appeal would be frivolous, the court ~~shall~~must independently review the record to discover any arguable issues apparent on the face of the record. ~~Upo~~On the discovery of an arguable issue, other than an unpreserved sentencing, disposition, or commitment order error, the court ~~shall~~must order briefing on the issues identified by the court.

(B)    Upon discovery of an unpreserved sentencing, disposition, or commitment order error, the court may strike the brief and allow for a motion ~~pursuant to~~under Florida Rule of Criminal Procedure 3.800(b)(2) or Florida Rule of Juvenile Procedure 8.135(b)(2) to be filed. The court's order may contain deadlines for the cause to be resolved within a reasonable time.

**(h)    Post-Trial Release.**

(1)    [NO CHANGE]

(2)    *Appeal by State.* An incarcerated defendant charged with a bailable offense ~~shall~~must on motion be released on the defendant's own recognizance pending an appeal by the state, unless the lower tribunal for good cause stated in an order determines otherwise.

(3)    *Denial of Post-Trial Release.* All orders denying post-trial release ~~shall~~must set forth the factual basis on which the decision was made and the reasons therefor.

(4)    *Review.* Review of an order relating to post-trial release ~~shall~~will be by the court on motion.

**(i)     Scope of Review.** The court ~~shall~~must review all rulings and orders appearing in the record necessary to pass ~~up~~on the grounds of an appeal. In the interest of justice, the court may grant any relief to which any party is entitled.

**Committee Notes**

[NO CHANGE]

**Court Commentary**

[NO CHANGE]

**RULE 9.141.     Review Proceedings in Collateral or Postconviction Criminal Cases**

**(a)**     [NO CHANGE]

**(b)     Appeals from Postconviction Proceedings Under Florida Rules of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853.**

(1)     *Applicability of Civil Appellate Procedures.* Appeal proceedings under this subdivision ~~shall~~will be as in civil cases, except as modified by this rule.

(2)     *Summary Grant or Denial of All Claims Raised in a Motion Without Evidentiary Hearing.*

(A)     Record. When a motion for postconviction relief under rules 3.800(a), 3.801, 3.802, 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal ~~shall~~must electronically transmit to the court, as the record, the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.

- 11 -

(B)     Index. The clerk of the lower tribunal ~~shall~~must index and paginate the record and send copies of the index and record to the parties.

(C)     Briefs or Responses.

(i)     Briefs are not required, but the appellant may serve an initial brief within 30 days of filing the notice of appeal. The appellee need not file an answer brief unless directed by the court. The initial brief ~~shall~~must comply with the word count (if computer-generated) or page limits (if handwritten or typewritten) set forth in rule 9.210 for initial briefs. The appellant may serve a reply brief as prescribed by rule 9.210.

(ii)     The court may request a response from the appellee before ruling, regardless of whether the appellant filed an initial brief. The appellant may serve a reply within 30 days after service of the response. The response and reply ~~shall~~must comply with the word count (if computer-generated) or page limits (if handwritten or typewritten) set forth in rule 9.210 for answer briefs and reply briefs.

(D)     Disposition. On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order ~~shall~~must be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.

(3)     *Grant or Denial of Motion after an Evidentiary Hearing was Held on 1 or More Claims.*

(A)     Transcription. In the absence of designations to the court reporter, the notice of appeal filed by an indigent pro se litigant in a rule 3.801, 3.802, 3.850, or 3.853 appeal after an evidentiary hearing ~~shall~~will serve as the designation to the court reporter for the transcript of the evidentiary hearing. Within 5 days of receipt of the notice of appeal, the clerk of the lower tribunal ~~shall~~must request the appropriate court reporter to transcribe the evidentiary hearing and ~~shall~~must send the court reporter a copy of the notice, the date of the hearing to be transcribed, the name of the judge, and a copy of this rule.

(B)    Record.

(i)    When a motion for postconviction relief under rules 3.801, 3.802, 3.850, or 3.853 is granted or denied after an evidentiary hearing, the clerk of the lower tribunal ~~shall~~must index, paginate, and electronically transmit to the court as the record, within 50 days of the filing of the notice of appeal, the notice of appeal, motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the transcript of the evidentiary hearing.

(ii)    Within 10 days of filing the notice of appeal, the appellant may direct the clerk of the lower tribunal to include in the record any other documents that were before the lower tribunal at the hearing.

(iii)    The clerk of the lower tribunal ~~shall~~must serve copies of the record on the attorney general, all counsel appointed to represent indigent defendants on appeal, and any pro se indigent defendant. The clerk of the lower tribunal ~~shall~~must simultaneously serve copies of the index on all nonindigent defendants and, at their request, copies of the record or portions of it at the cost prescribed by law.

(C)    Briefs. Initial briefs ~~shall~~must be served within 30 days of service of the record or its index. Additional briefs ~~shall~~must be served as prescribed by rule 9.210.

**(c)    Petitions Seeking Belated Appeal or Belated Discretionary Review.**

(1)    [NO CHANGE]

(2)    *Treatment as Original Proceedings.* Review proceedings under this subdivision ~~shall~~will be treated as original proceedings under rule 9.100, except as modified by this rule.

- 13 -

(3)    *Forum.* Petitions seeking belated review ~~shall~~must be filed in the court to which the appeal or discretionary review should have been taken.

(4)    *Contents.* The petition ~~shall~~must be in the form prescribed by rule 9.100, may include supporting documents, and ~~shall~~must recite in the statement of facts:

(A)–(G)    [NO CHANGE]

(5)    *Time Limits.*

(A)    A petition for belated appeal ~~shall~~must not be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order, unless it alleges under oath with a specific factual basis that the petitioner was unaware a notice of appeal had not been timely filed or was not advised of the right to an appeal or was otherwise prevented from timely filing the notice of appeal due to circumstances beyond the petitioner's control, and could not have ascertained such facts by the exercise of reasonable diligence. In no case ~~shall~~may a petition for belated appeal be filed more than 4 years after the expiration of time for filing the notice of appeal.

(B)    A petition for belated discretionary review ~~shall~~must not be filed more than 2 years after the expiration of time for filing the notice to invoke discretionary review from a final order, unless it alleges under oath with a specific factual basis that the petitioner was unaware such notice had not been timely filed or was not advised of the results of the appeal, or was otherwise prevented from timely filing the notice due to circumstances beyond the petitioner's control, and that the petitioner could not have ascertained such facts by the exercise of reasonable diligence. In no case ~~shall~~may a petition for belated discretionary review be filed more than 4 years after the expiration of time for filing the notice to invoke discretionary review from a final order.

(6)    *Procedure.*

(A)	The petitioner ~~shall~~must serve a copy of a petition for belated appeal on the attorney general and state attorney. The petitioner ~~shall~~must serve a copy of a petition for belated discretionary review on the attorney general.

(B)	The court may by order identify any provision of this rule that the petition fails to satisfy and, ~~pursuant to~~under rule 9.040(d), allow the petitioner a specified time to serve an amended petition.

(C)	[NO CHANGE]

(D)	An order granting a petition for belated appeal ~~shall~~must be filed with the lower tribunal and treated as the notice of appeal, if no previous notice has been filed. An order granting a petition for belated discretionary review or belated appeal of a decision of a district court of appeal ~~shall~~must be filed with the district court of appeal and treated as a notice to invoke discretionary jurisdiction or notice of appeal, if no previous notice has been filed.

**(d)	Petitions Alleging Ineffective Assistance of Appellate Counsel.**

(1)	[NO CHANGE]

(2)	*Treatment as Original Proceedings.* Review proceedings under this subdivision ~~shall~~will be treated as original proceedings under rule 9.100, except as modified by this rule.

(3)	*Forum.* Petitions alleging ineffective assistance of appellate counsel ~~shall~~must be filed in the court to which the appeal was taken.

(4)	*Contents.* The petition ~~shall~~must be in the form prescribed by rule 9.100, may include supporting documents, and ~~shall~~must recite in the statement of facts:

(A)–(F)	[NO CHANGE]

- 15 -

(5)    *Time Limits.* A petition alleging ineffective assistance of appellate counsel on direct review ~~shall~~must not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel. In no case ~~shall~~may a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review.

(6)    *Procedure.*

(A)    The petitioner ~~shall~~must serve a copy of the petition on the attorney general.

(B)    The court may by order identify any provision of this rule that the petition fails to satisfy and, ~~pursuant to~~under rule 9.040(d), allow the petitioner a specified time to serve an amended petition.

(C)  [NO CHANGE]

## Committee Notes

[NO CHANGE]

## RULE 9.142.    Procedure for Review in Death Penalty Cases

### (a)    Procedure in Death Penalty Appeals.

(1)    *Record.*

(A)    When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court. Transcripts of all proceedings conducted in the lower tribunal ~~shall~~must be included in the record under these rules.

(B)  The complete record in a death penalty appeal shallmust include all items required by rule 9.200 and by any order issued by the supreme court. In any appeal following the initial direct appeal, the record shallmust exclude any materials already transmitted to the supreme court as the record in any prior appeal. The clerk of the lower tribunalcircuit court shallmust retain a copy of the complete record when it transmits the record to the supreme court.

(C)  The supreme court shallmust take judicial notice of the appellate records in all prior appeals and writ proceedings involving a challenge to the same judgment of conviction and sentence of death. Appellate records subject to judicial notice under this subdivision shallmust not be duplicated in the record transmitted for the appeal under review.

(2)  *Briefs; Transcripts.* After the record is filed, the clerk of the supreme court will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 50 days from the date the defendant's brief is served, and the defendant 40 days from the date the state's brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rules of Criminal Procedure 3.851 or 3.853, and on resentencing matters, the schedules set forth in rule 9.140(g) will control.

(3)–(4)  [NO CHANGE]

(5)  *Scope of Review.* On direct appeal in death penalty cases, whether or not insufficiency of the evidence is an issue presented for review, the court shallmust review the issue and, if necessary, remand for the appropriate relief.

**(b)  Petitions for Extraordinary Relief.**

(1)  *Treatment as Original Proceedings.* Review proceedings under this subdivision shallwill be treated as original proceedings under rule 9.100, except as modified by this rule.

(2)    *Contents.* Any petition filed ~~pursuant to~~under this subdivision ~~shall~~must be in the form prescribed by rule 9.100, may include supporting documents, and ~~shall~~must recite in the statement of facts:

(A)–(E)  [NO CHANGE]

(3)    *Petitions Seeking Belated Appeal.*

(A)    Contents. A petition for belated appeal ~~shall~~must include a detailed allegation of the specific acts sworn to by the petitioner or petitioner's counsel that constitute the basis for entitlement to belated appeal, including whether the petitioner requested counsel to proceed with the appeal and the date of any such request, whether counsel misadvised the petitioner as to the availability of appellate review or the filing of the notice of appeal, or whether there were circumstances unrelated to counsel's action or inaction, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal.

(B)    Time limits. A petition for belated appeal ~~shall~~must not be filed more than 1 year after the expiration of time for filing the notice of appeal from a final order denying rule 3.851 relief, unless it alleges under oath with a specific factual basis that the petitioner:

(i)-(ii)  [NO CHANGE]

In no case ~~shall~~may a petition for belated appeal be filed more than 2 years after the expiration of time for filing the notice of appeal.

(4)    *Petitions Alleging Ineffective Assistance of Appellate Counsel.*

(A)    Contents. A petition alleging ineffective assistance of appellate counsel ~~shall~~must include detailed

- 18 -

allegations of the specific acts that constitute the alleged ineffective assistance of counsel on direct appeal.

(B)    Time limits. A petition alleging ineffective assistance of appellate counsel ~~shall~~must be filed simultaneously with the initial brief in the appeal from the lower tribunal's order on the defendant's application for relief under Florida Rule of Criminal Procedure 3.851.

**(c)    Petitions Seeking Review of Nonfinal Orders in Death Penalty Postconviction Proceedings.**

(1)    [NO CHANGE]

(2)    *Treatment as Original Proceedings.* Review proceedings under this subdivision ~~shall~~will be treated as original proceedings under rule 9.100 unless modified by this subdivision.

(3)    *Commencement; Parties.*

(A)    Jurisdiction of the supreme court ~~shall~~must be invoked by filing a petition with the clerk of the supreme court within 30 days of rendition of the nonfinal order to be reviewed. A copy of the petition ~~shall~~must be served on the opposing party and furnished to the judge who issued the order to be reviewed.

(B)    [NO CHANGE]

(4)    *Contents.* The petition ~~shall~~must be in the form prescribed by rule 9.100, and ~~shall~~must contain:

(A)–(G)   [NO CHANGE]

(5)    *Appendix.* The petition ~~shall~~must be accompanied by an appendix, as prescribed by rule 9.220, which ~~shall~~must contain the portions of the record necessary for a determination of the issues presented.

(6)    [NO CHANGE]

- 19 -

(7)    *Response.* No response ~~shall~~will be permitted unless ordered by the court.

(8) – (9)    [NO CHANGE]

(10)   *Other Pleadings.* The parties ~~shall~~must not file any other pleadings, motions, replies, or miscellaneous documents without leave of court.

(11)   *Time Limitations.* Seeking review under this rule ~~shall~~will not extend the time limitations in rules 3.851 or 3.852.

**(d)    [NO CHANGE]**

## Committee Notes

[NO CHANGE]

## Criminal Court Steering Committee Note

[NO CHANGE]

## RULE 9.145.    Appeal Proceedings in Juvenile Delinquency Cases

**(a)    Applicability.** Appeal proceedings in juvenile delinquency cases ~~shall~~will be as in rule 9.140 except as modified by this rule.

**(b)**    [NO CHANGE]

**(c)    Appeals by the State.**

(1)    [NO CHANGE]

(2)    *Nonfinal State Appeals.* If the state appeals a pre-adjudicatory hearing order of the trial court, the notice of appeal must be filed within 15 days of rendition of the order to be reviewed and before commencement of the adjudicatory hearing.

- 20 -

(A)   A child in detention whose case is stayed pending a state appeal ~~shall~~must be released from detention pending the appeal if the child is charged with an offense that would be bailable if the child were charged as an adult, unless the lower tribunal for good cause stated in an order determines otherwise. The lower tribunal retains discretion to release from detention any child who is not otherwise entitled to release under the provisions of this rule.

(B)   If a child has been found incompetent to proceed, any order staying the proceedings on a state appeal ~~shall~~will have no effect on any order entered for the purpose of treatment.

**(d)   References to Child.** The appeal ~~shall~~must be entitled and docketed with the initials, but not the name, of the child and the court case number. All references to the child in briefs, other documents, and the decision of the court ~~shall~~must be by initials. This subdivision does not apply to transcripts.

**(e)   Confidentiality.** ~~All documents that are filed in paper format under seal shall remain sealed in the office of the clerk of court when not in use by the court, and shall~~Filings will not be open to inspection except by the parties and their counsel, or as otherwise ordered, pursuant to Florida Rule of General Practice and Judicial Administration 2.420.

**Committee Notes**

[NO CHANGE]

**RULE 9.146.   Appeal Proceedings in Juvenile Dependency and Termination Of Parental Rights Cases and Cases Involving Families and Children in Need Of Services**

**(a)   Applicability.** Appeal proceedings in juvenile dependency and termination of parental rights cases and cases involving

- 21 -

families and children in need of services ~~shall~~will be as in civil cases except to the extent those rules are modified by this rule.

**(b)** [NO CHANGE]

**(c)** **Stay of Proceedings.**

(1) *Application.* Except as provided by general law and in subdivision (c)(2) of this rule, a party seeking to stay a final or nonfinal order pending review ~~shall~~must file a motion in the lower tribunal, which ~~shall have~~has continuing jurisdiction, in its discretion, to grant, modify, or deny such relief, after considering the welfare and best interest of the child.

(2) *Termination of Parental Rights.* The taking of an appeal ~~shall~~will not operate as a stay in any case unless pursuant to an order of the court or the lower tribunal, except that a termination of parental rights order with placement of the child with a licensed child-placing agency or the Department of Children and Families for subsequent adoption ~~shall~~will be suspended while the appeal is pending, but the child ~~shall~~will continue in custody under the order until the appeal is decided.

(3) *Review.* A party may seek ~~R~~review of a lower tribunal's orders ~~entered~~ ~~by lower tribunals~~ under this rule ~~shall be~~ by filing a motion in the court ~~on motion~~.

**(d)** [NO CHANGE]

**(e)** **References to Child or Parents.** When the parent or child is a party to the appeal, the appeal ~~shall~~will be docketed and, with the exception of transcripts, any documents filed in the court ~~shall~~must be titled with the initials, but not the name, of the child or parent and the court case number. All references to the child or parent in briefs, documents other than transcripts, and the decision of the court ~~shall~~must be by initials.

**(f)** **Confidentiality.** ~~All documents that are filed in paper format under seal shall remain sealed in the office of the clerk of the court when not in use by the court, and shall~~Filings will not be

open to inspection except by the parties and their counsel, or as otherwise ordered, pursuant to Florida Rule of General Practice and Judicial Administrative 2.420.

**(g) Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.**

(1) [NO CHANGE]

(2) *The Record.*

(A) Contents. The record ~~shall~~must be prepared in accordance with rule 9.200, except as modified by this subdivision.

(B) Transcripts of Proceedings. The appellant ~~shall~~must file a designation to the court reporter, including the name(s) of the individual court reporter(s), if applicable, with the notice of appeal. The designation ~~shall~~must be served on the court reporter on the date of filing and ~~shall~~must state that the appeal is from a final order of termination of parental rights or of dependency, and that the court reporter ~~shall~~must provide the transcript(s) designated within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter ~~shall~~must transcribe and file with the clerk of the lower tribunal the transcripts and sufficient copies for all parties exempt from service by email as set forth in Florida Rule of General Practice and Judicial Administration 2.516. If extraordinary reasons prevent the reporter from preparing the transcript(s) within the 20 days, the reporter ~~shall~~must request an extension of time, ~~shall~~must state the number of additional days requested, and ~~shall~~must state the extraordinary reasons that would justify the extension.

(C) Directions to the Clerk, Duties of the Clerk, Preparation and Transmission of the Record. The appellant ~~shall~~must file directions to the clerk of the lower tribunal with the notice of appeal. The clerk of the lower tribunal ~~shall~~must electronically transmit the record to the court within 5 days of the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 5 days of the filing of

- 23 -

the notice of appeal. When the record is electronically transmitted to the court, the clerk of the lower tribunal shallmust simultaneously electronically transmit the record to the Department of Children and Families, the guardian ad litem, counsel appointed to represent any indigent parties, and shallmust simultaneously serve copies of the index to all nonindigent parties, and, upon their request, copies of the record or portions thereof. The clerk of the lower tribunal shallmust provide the record in paper format to all parties exempt from electronic service as set forth in the Florida Rules of General Practice and Judicial Administration.

(3)    *Briefs.*

(A)    In General. Briefs shallmust be prepared and filed in accordance with rule 9.210(a)–(e), (g), and (h).

(B)    Times for Service. The initial brief shallmust be served within 30 days of service of the record on appeal or the index to the record on appeal. The answer brief shallmust be served within 30 days of service of the initial brief. The reply brief, if any, shallmust be served within 15 days of the service of the answer brief. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief shallmust be served within 30 days after the last initial brief or within 15 days after the last answer brief was served. If the last authorized initial or answer brief is not served, the responsive brief shallmust be served within 30 days after the last authorized initial brief or within 15 days after the last authorized answer brief could have been timely served.

(4)    *Motions.*

(A)    Motions for Appointment of Appellate Counsel; Authorization of Payment of Transcription Costs. A motion for the appointment of appellate counsel, when authorized by general law, and a motion for authorization of payment of transcription costs, when appropriate, shallmust be filed with the notice of appeal. The motion and a copy of the notice of appeal shallmust be served on the presiding judge in the lower tribunal. The presiding judge shallmust promptly enter an order on the motion.

(B)    Motions to Withdraw as Counsel. If appellate counsel seeks leave to withdraw from representation of an indigent parent, the motion to withdraw ~~shall~~_must_ be served on the parent and ~~shall~~_must_ contain a certification that, after a conscientious review of the record, the attorney has determined in good faith that there are no meritorious grounds on which to base an appeal. The parent ~~shall~~_will_ be permitted to file a brief pro se, or through subsequently retained counsel, within 20 days of the issuance of an order granting the motion to withdraw. Within 5 days of the issuance of an order granting the motion to withdraw, appellate counsel ~~shall~~_must_ file a notice with the court certifying that counsel has forwarded a copy of the record and the transcript(s) of the proceedings to the parent or that counsel is unable to forward a copy of the record and the transcript(s) of the proceedings because counsel cannot locate the parent after making diligent efforts.

(C)    Motions for Extensions of Time. An extension of time will be granted only for extraordinary circumstances in which the extension is necessary to preserve the constitutional rights of a party, or in which substantial evidence exists to demonstrate that without the extension the child's best interests will be harmed. The extension will be limited to the number of days necessary to preserve the rights of the party or the best interests of the child. The motion ~~shall~~_must_ state that the appeal is from a final order of termination of parental rights or of dependency, and ~~shall~~_must_ set out the extraordinary circumstances that necessitate an extension, the amount of time requested, and the effect an extension will have on the progress of the case.

(5)    *Oral Argument.* A request for oral argument ~~shall~~_must_ be in a separate document served by a party not later than the time when the first brief of that party is due.

(6)    *Rehearing; Rehearing En Banc; Clarification; Certification; Issuance of Written Opinion.* Motions for rehearing, rehearing en banc, clarification, certification, and issuance of a written opinion ~~shall~~_must_ be in accordance with rules 9.330 and 9.331, except that no response to these motions is permitted unless ordered by the court.

(7)    *The Mandate.* The clerk of the court ~~shall~~must issue such mandate or process as may be directed by the court as soon as practicable.

**(h)    Expedited Review.** The court ~~shall~~must give priority to appeals under this rule.

**(i)    Ineffective Assistance of Counsel for Parents' Claims—Special Procedures and Time Limitations Applicable to Appeals of Orders in Termination of Parental Rights Proceedings Involving Ineffective Assistance of Counsel Claims.**

(1)    [NO CHANGE]

(2)    *Rendition.* A motion claiming ineffective assistance of counsel filed in accordance with Florida Rule of Juvenile Procedure 8.530 ~~shall~~will toll rendition of the order terminating parental rights under Florida Rule of Appellate Procedure 9.020 until the lower tribunal files a signed, written order on the motion, except as provided by Florida Rules of Juvenile Procedure 8.530.

(3)    [NO CHANGE]

(4)    *Ineffective Assistance of Counsel Motion Filed After Commencement of Appeal.* If an appeal is pending, a parent may file a motion claiming ineffective assistance of counsel pursuant to Florida Rule of Juvenile Procedure 8.530 if the filing occurs within 20 days of rendition of the order terminating parental rights.

(A)    Stay of Appellate Proceeding. A parent or counsel appointed pursuant to Florida Rule of Juvenile Procedure 8.530 ~~shall~~must file a notice of a timely filed, pending motion claiming ineffective assistance of counsel. The notice automatically stays the appeal until the lower tribunal renders an order disposing of the motion.

(B)    Supplemental Record; Transcripts of Proceedings. The appellant ~~shall~~must file a second designation to the court reporter, including the name(s) of the individual court reporter(s). The appellant ~~shall~~must serve the designation on the

court reporter on the date of filing and ~~shall~~must state that the appeal is from an order of termination of parental rights, and that the court reporter ~~shall~~must provide the transcript of the hearing on the motion claiming ineffective assistance of counsel within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter ~~shall~~must transcribe and file with the clerk of the lower tribunal the transcript and sufficient copies for all parties exempt from service by e-mail as set forth in the Florida Rules of General Practice and Judicial Administration. If extraordinary reasons prevent the reporter from preparing the transcript within the 20 days, the reporter ~~shall~~must request an extension of time, state the number of additional days requested, and state the extraordinary reasons that would justify the extension.

(C)    Duties of the Clerk; Preparation and Transmission of Supplemental Record. If the clerk of circuit court has already transmitted the record on appeal of the order terminating parental rights, the clerk ~~shall~~must automatically supplement the record on appeal with any motion pursuant to Florida Rule of Juvenile Procedure 8.530, the resulting order, and the transcript from the hearing on the motion. The clerk ~~shall~~must electronically transmit the supplement to the court and serve the parties within 5 days of the filing of the order ruling on the motion, or within 5 days of filing of the transcript from the hearing on the motion by the designated court reporter, whichever is later.

**Committee Notes**

**[NO CHANGE]**

**RULE 9.310.    Stay Pending Review**

(a)    **Application in Lower Tribunal.** Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or nonfinal order pending review first ~~shall~~must file a motion in the lower tribunal, which ~~shall have~~has continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A

stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.

**(b)** **Exceptions.**

(1) [NO CHANGE]

(2) *Public Bodies; Public Officers.* The timely filing of a notice ~~shall~~will automatically operate as a stay pending review, except in criminal cases, in administrative actions under the Administrative Procedure Act, or as otherwise provided by chapter 120, Florida Statutes, when the state, any public officer in an official capacity, board, commission, or other public body seeks review; provided that an automatic stay ~~shall~~will exist for 48 hours after the filing of the notice of appeal for public records and public meeting cases. On motion, the lower tribunal or the court may extend a stay, impose any lawful conditions, or vacate the stay.

**(c)** **Bond.**

(1) *Defined.* A good and sufficient bond is a bond with a principal and a surety company authorized to do business in the State of Florida, or cash deposited in the ~~circuit court~~ clerk of the lower tribunal's office. The lower tribunal ~~shall~~will have continuing jurisdiction to determine the actual sufficiency of any such bond.

(2) *Conditions.* The conditions of a bond ~~shall~~must include a condition to pay or comply with the order in full, including costs; interest; fees; and damages for delay, use, detention, and depreciation of property, if the review is dismissed or order affirmed; and may include such other conditions as may be required by the lower tribunal.

**(d)** [NO CHANGE]

**(e)** **Duration.** A stay entered by a lower tribunal ~~shall~~will remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, or unless otherwise modified or vacated.

**(f)    Review.** A party may seek ~~R~~review of a lower tribunal's orders ~~entered by lower tribunals~~ under this rule ~~shall be~~ by filing a motion in the court ~~on motion~~. The motion ~~shall~~must be filed as a separate document.

## Committee Notes

[NO CHANGE]